IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 1:22-CV-22087

MICHAEL KELLEY,

    Plaintiff,

v.

TARA SOLOMON, INC. d/b/a TARA, INK.,

    Defendant.

_____/

## COMPLAINT

Plaintiff Michael Kelley ("Plaintiff") sues defendants Tara Solomon, Inc. d/b/a Tara, Ink. ("Defendant"), and alleges as follows:

## THE PARTIES

1. Plaintiff is an individual who is a citizen of the State of California residing in the State of California.

2. Defendant is a corporation organized and existing under the laws of the State of Florida with its principal place of business located at 1666 Kennedy Causeway, Suite 703, Miami Beach, FL 33141. Defendant's agent for service of process is: Tara Solomon, 1666 Kennedy Causeway, Suite 703, Miami Beach, FL 33141.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant because it has maintained sufficient minimum contacts with Florida such that the exercise of personal jurisdiction over it

would not offend traditional notions of fair play and substantial justice.

5. Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agents reside or may be found in this district. "A defendant 'may be found' in a district in which he could be served with process; that is, in a district which may assert personal jurisdiction over the defendant." Palmer v. Braun, 376 F.3d 1254, 1259-60 (11th Cir. 2004). "In other words, 'if a court has personal jurisdiction over the defendants in a copyright infringement action, venue in that court's district is proper.'" McGregor v. In Tune Music Grp., No. 15-62044-CIV-ZLOCH, 2016 U.S. Dist. LEXIS 190302, at *11 (S.D. Fla. July 29, 2016) (quoting Store Decor Div. of Jas Int'l, Inc. v. Stylex Worldwide Indus., Ltd., 767 F. Supp. 181, 185 (N.D. Ill. 1991).

**FACTS**

**I.    Plaintiff's Business**

6. Plaintiff is an accomplished professional photographer who specializes in architectural photography.

7. In 2018, Plaintiff founded the Architectural Photography Almanac (https://apalmanac.com/), a resource for architecture photographers and those in the architecture industry seeking to learn about the craft and theory of architecture photography.

8. Plaintiff's clients include Tesla Motors, FedEx, Discovery Networks, HGTV, Herman Miller, MAD Architects, and many others.

9. Plaintiff's work is highly sought after and has been exhibited in numerous art galleries/museums around the world.

**II.   The Work at Issue in this Lawsuit**

10. In 2016, Plaintiff created a professional photograph of the Brickell City Centre in

Miami, FL titled "Arquitectonica-48" (the "<u>Work</u>").  A copy of the Work is exhibited below:



11. The Work was registered by Plaintiff with the Register of Copyrights on July 12, 2019 and was assigned Registration No. VA 2-159-689. A true and correct copy of the Certification of Registration pertaining to the Work is attached hereto as **<u>Exhibit "A."</u>**

12. Plaintiff is the owner of the Work and has remained the owner at all times material hereto.

### III.  Defendants' Unlawful Activities

13. Defendant is a full service, bilingual, public relations, creative marketing, and special events firm specializing in lifestyle and modern culture.

14. Defendant advertises/markets its business primarily through its website

(https://taraink.com/), social media (e.g. https://www.instagram.com/tarainkpr/?hl=en), and other forms of advertising.

15. In May 2021 (after Plaintiff's above-referenced copyright registration of the Work), Defendant published the Work on its website (at https://taraink.com/brickell-city-centre/https://www.foreignautohaus.com/fah/faqs/get-your-car-summer-ready) in connection with an article titled "Brickell City Centre":



16. A true and correct copy of screenshots of Defendant's website, displaying the copyrighted Work, is attached hereto as **Exhibit "B."**

17. Defendant is not and has never been licensed to use, display, or distribute any of the Work. Defendant never contacted Plaintiff to seek permission to use the Work in connection with its website or for any other purpose.

18. Defendant utilized the Work for commercial use – namely, in connection with the marketing and advertising of its business.

19. Upon information and belief, Defendant located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for their own commercial use.

20. Through his ongoing diligent efforts to identify unauthorized use of his photographs, Plaintiff discovered Defendant's unauthorized use/display of the Work in February 2022. Following Plaintiff's discovery, Plaintiff notified Defendant in writing of such unauthorized use. To date, Plaintiff has been unable to negotiate a reasonable license for the past/existing infringement of his Work.

## COUNT I – COPYRIGHT INFRINGEMENT

21. Plaintiff re-alleges and incorporates paragraphs 1 through 20 as set forth above.

22. The Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

23. Plaintiff owns a valid copyright in the Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

24. As a result of Plaintiff's reproduction, distribution, and public display of the Work, Defendant had access to the Work prior to its own reproduction, distribution to various third-parties, and public display of the Work on its website.

25. Defendant reproduced, distributed, and publicly displayed the Work without authorization from Plaintiff.

26. By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly

displaying the Work for its own commercial purposes.

27. Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. Notably, Defendant itself utilizes a copyright disclaimer on its website ("© 2021 Tara Ink. All Rights Reserved"), indicating that Defendant understands the importance of copyright protection and intellectual property. Further, as publisher of digital media content, Defendant clearly understands that professional photography such as the Work is generally paid for and cannot simply be copied from the internet.

28. Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

29. Plaintiff is entitled to recover his actual damages resulting from TopTenRealEstateDeals' unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Work, which amounts shall be proven at trial.

30. Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

31. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover his costs and attorneys' fees as a result of Defendant's conduct.

32. Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. A declaration that Defendant has infringed Plaintiff's copyrights in the Work;

b. A declaration that such infringement is willful;

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for willful infringement up to $150,000.00 for each infringement of the Work;

d. Awarding Plaintiff his costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g. For such other relief as the Court deems just and proper.

## Demand For Jury Trial

Plaintiff demands a trial by jury on all issued so triable.

Dated: July 11, 2022.


COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com
james@copycatlegal.com
lauren@copycatlegal.com

By: /s/ Dan DeSouza, Esq.
    Daniel DeSouza, Esq.
    Florida Bar No.:  19291
    James D'Loughy, Esq.
    Florida Bar No.: 0052700
    Lauren Hausman, Esq.

Florida Bar No.: 1035947